IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:00CR221

CLARENCE JEFFERSON,

   Petitioner.

**MEMORANDUM OPINION**

Clarence Jefferson, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Jefferson asserted that,[1] in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[2] "Recently, the Supreme

---

[1] Jefferson also asserted that he was incorrectly sentenced as a career offender because he was sentenced based on a predicate conviction of felony arson that occurred fifteen years prior to his conviction for which he was deemed a career offender. (§ 2255 Mot. at 5.) According to Jefferson's Presentence Report ("PSR"), however, Jefferson was sentenced for felony arson on February 17, 1986 (PSR Wrk. Sheet C) whereas the indictment for which he was deemed a career offender was entered on June 21, 2000 (ECF No. 9), well within the fifteen-year timeframe imposed by the Sentencing Guidelines. See U.S. Sen. Guidelines Manual §4A1.2(e) (U.S. Sentencing Comm'n 1998); see also U.S. Sen. Guidelines Manual §4B1.2 cmt. n.3 (U.S. Sentencing Comm'n 1998).

[2] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment

Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, No. 15-6099, --- F.3d ----, 2017 WL 1476145, at *2 (4th Cir. Apr. 25, 2017) (citation omitted). Thus, Jefferson's claim lacks merit. Accordingly, the Government's Motion to Dismiss (ECF No. 91) will be granted. The § 2255 Motion (ECF No. 84) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

Further, Jefferson has moved for appointment of counsel in his § 2255 proceeding (ECF Nos. 85, 87). However, as this action will be dismissed for lack of merit, Jefferson's Motion to Appoint Counsel (ECF Nos. 85, 87) will be dismissed as moot.

---

if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

Johnson, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id. The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

The Clerk is directed to send a copy of this Memorandum Opinion to Jefferson and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 16, 2017
Richmond, Virginia